■ In the Matter of O'CONNELL AND WOLFE, as Attorneys on Behalf of WAYNE CAISE, Appellant-Respondent, v JENNIE B. BARTLETT, as Commissioner of Jurors for Franklin County, et al., Respondents-Appellants. — Cross appeals from a judgment of the Supreme Court at Special Term (Walsh, Jr., J.), entered October 22, 1982 in Clinton County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent Commissioner of Jurors for Franklin County to furnish certain information regarding that county's jury list. By letter dated August 12, 1982, petitioner, a law firm representing Wayne Caise who was awaiting trial on charges of rape in the first degree, sodomy in the first degree, kidnapping in the first degree and rape in the third degree, requested that the Commissioner of Jurors for Franklin County provide it with "the names, ages and addresses of the people [on the jury list] and any other information available on their jury questionnaires". By written reply, the commissioner denied the requested information, stating that "[i]t is the policy of the the [*sic*] County Court and this office that the jury lists not be released in criminal cases prior to the actual jury selection". Thereafter, petitioner commenced the instant CPLR article 78 proceeding in the nature of mandamus to compel the commissioner and the county to comply with the request. Respondents moved pursuant to CPLR 404 (subd [a]) and 7804 (subd [f]) for an order denying the relief sought and for dismissal of the petition. Special Term orally denied petitioner's request for the juror qualification questionnaires, but ruled that petitioner was entitled to a copy of the jury list as soon as the panel of jurors for the upcoming criminal term in Franklin County was drawn. The order that was ultimately entered directed that respondent provide petitioner with "a jury list setting forth the names and addresses and occupation of the prospective jurors whenever the panel is drawn". These cross appeals ensued. We have been informed that, during the pendency of this appeal, the criminal charges facing petitioner's client have been disposed of as a result of the acceptance of a guilty plea. Accordingly, the cross appeals taken from the judgment of Special Term are dismissed as moot (see *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715). Cross appeals dismissed, as moot, without costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.